## KEMPER MILITARY SCHOOL v. CRUTCHLEY.

(District Court, W. D. Missouri, W. D.   March, 1921.)

1. **Internal revenue ☞7—Corporation conducting military school subject to income tax.**

    That a corporation organized under the general incorporation laws of the state as one for pecuniary profit is exclusively engaged in conducting a military school, or that its officers and teachers are its sole stockholders, *held* not to exempt it from taxation under Income Tax Act 1916, § 11 (Comp. St. § 6336k), where all the property employed is owned by the corporation, an annual charge is exacted from pupils for tuition, board, etc., and dividends are paid to the stockholders from its net income.

2. **Internal revenue ☞7—Corporation not entitled to deduction for cost of new buildings.**

    Under Income Tax Act 1916, § 12 (Comp. St. § 6336l), a corporation for pecuniary profit is not entitled to a deduction from gross income for expenditures made for new buildings or betterments to its property.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

At Law.. Action by the Kemper Military School against George F. Crutchley. Judgment for defendant.

John Cosgrove, of Boonville, Mo., for plaintiff.

Leonard M. Haydon, Asst. U. S. Atty., of Kansas City, Mo., for defendant.

VAN VALKENBURGH, District Judge. [1] The plaintiff in this action seeks to recover the sum of $52,166.81 income taxes, with interest and penalty, alleged to have been illegally exacted from the plaintiff by the defendant for the year 1918. The basis of plaintiff's alleged right to recover the above sum is that it is exempt from tax as an educational institution, which was organized and operated exclusively for educational purposes, and that no part of its net earnings inures to the benefit of any private stockholder or individual. This defense is asserted under the following exemptions specifically provided by the Congress:

"Corporations * * * organized and operated exclusively for religious, charitable, scientific, or educational purposes," or for the prevention of cruelty to children or animals, "no part of the net income of which inures to the benefit of any private stockholder or individual." Comp. St. § 6336k.

The plaintiff was incorporated June 15, 1909, under the provisions of chapter 12, article 9, of the Revised Statutes of Missouri of 1899, governing the formation of private corporations for manufacturing and business purposes. This statute appears as article 7 of chapter 33 of the Revised Statutes of 1909, concerning private corporations, and deals with corporations organized for pecuniary profit and gain. Plaintiff was not organized under the article of the same chapter, which deals with benevolent, religious, scientific, educational, and miscellaneous associations not intended for pecuniary gain or profit.

The school was originally of individual ownership. For many years prior to its incorporation it was owned by Col. T. A. Johnston, now its president and principal stockholder. He purchased it originally for approximately $12,000, since which time large additions and betterments have been made, until its present total assets are shown to be $348,796.01, its liabilities $96,522.88, and its net resources $252,273.13. Its present attendance totals about 435 pupils. In 1918 and 1919, during war activities, it had a few over 500. In 1918 the charge was $600 per pupil for tuition, board, and lights. The charge now has been raised to $700. In addition thereto, it sells to the pupils uniforms and books, upon which it makes a profit. It receives minor items of income from other sources, which do not require detailed consideration. For the calendar year 1918 its gross income amounted to $205,153.26, of which the sum of $5,083.11 was received from sources other than tuition. After making statutory deductions, the net income remaining amounted to $79,788.01. The figures involved are not in dispute, except as to some claims for deduction, to which reference will be hereafter made.

When the school was incorporated, Col. Johnston transferred the property to the corporation, receiving stock therefor. The remaining

shares of stock were subscribed for by teachers, and the officers and board of directors are made up of such. These teachers paid for their stock out of their earnings. A dividend of 6 per cent. has been paid upon all stock since the date of the incorporation.

That the corporation is operated exclusively for educational purposes may be conceded. If the law had stopped there, and had evidenced the purpose of exempting all such, the contention of the government would be without merit; but the law further provides that not only must the corporation be organized and operated exclusively for educational purposes, but that no part of its net earnings should inure to the benefit of any private stockholder or individual.

The case of State ex rel. J. L. Spillers v. Johnston, 214 Mo. 656, 113 S. W. 1083, 21 L. R. A. (N. S.) 171, in which this same school was under discussion, is not in point. There the school was exempt under a provision of the state Constitution and statute, which exempts from taxation real estate "used exclusively for schools." The element of private pecuniary gain was not involved, and, furthermore, the construction of a state court upon a state Constitution or law could not affect a federal statute of different intendment and uncontrolled by state laws.

This corporation, while devoted to educational purposes, was confessedly organized for private pecuniary profit and gain. Its teachers all receive salaries. In addition thereto, they have all, including Col. Johnston, received an annual dividend of 6 per cent. upon their stock since the date the corporation was organized. While under the terms of the statute we are concerned chiefly with net earnings, nevertheless it may appropriately be remarked that the increase in value of the school property inures to the stockholders of this business corporation. It might at any time be sold, and the purchase price divided proportionately to such holdings. Upon ultimate dissolution the holders of these shares of stock would receive the proceeds of the property, including accumulated income.

The chief insistence is that, because all the shareholders are officers, directors, and teachers in the institution, they are not "private stockholders or individuals." This involves a narrowness of definition that cannot be entertained, in view of the obvious purpose and spirit of the act. The distinction is not between private and official, whether the latter be used in a military or an institutional sense. The word "private," as here used, is the antonym of "public"; a private stockholder, as distinguished from the general public, the supposed beneficiary of the benevolent activities of an institution devoted exclusively to public betterment. Private pecuniary profit and gain is the test to be applied. This corporation was, and is, undeniably organized and operated for that purpose. It does not detract, even in small degree, from the merit and worthy service of the plaintiff, as a valuable institution of learning, to hold, as we must, that it is not exempt from the tax imposed.

[2] Plaintiff further contends that:

"Even if it were liable to pay said taxes, they should not be collected for the year 1918, because it expended in the necessary furniture and fixtures the

sum of $13,086.68, and for buildings and other necessary improvement $80,188.35, amounting in the aggregate to $94,275.03, which amount was expended for the upkeep and expansion of the plaintiff's plant and for the comforts and necessities of said school."

To this claim the defendant answers that plaintiff, in its appeal to the Commissioner of Internal Revenue, in its claim for the abatement of said taxes and for refund, never at any time asserted or claimed that it had failed to take credit for any deduction in its said return of income for the year 1918, which it was entitled to take, in computing its net income for that year, under the act of Congress, and that said claim was never at any time presented by the plaintiff to the Commissioner of Internal Revenue for his consideration and decision thereon; further, that in computing its net income for the year 1918 plaintiff deducted, in its said return of income for said year, a reasonable allowance for the exhaustion, wear, and tear of the property used in its trade or business, including a reasonable allowance for obsolescence.

These allegations of the answer are sustained by the testimony. The law provides for a reasonable allowance for exhaustion, wear and tear, etc., as conceded by defendant, and as claimed by plaintiff in its return and allowed by the collector and Commissioner. It further provides that in computing net income no deduction shall in any case be allowed in respect of any amount paid out for new buildings, or for permanent improvements or betterments made to increase the value of any property or estate. It follows that this claim for deduction, in the sum of $94,275.03, or any part thereof, cannot be indulged.

It appearing that the grounds upon which plaintiff relies for recovery are untenable, and there being no dispute that the amount of the tax levied was correct, if plaintiff's contentions are not sustained, it follows that judgment must be entered for the defendant; and it is so ordered.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes