## UNIFORM PRINTING & SUPPLY CO. v. COMMISSIONER OF INTERNAL REVENUE.

Circuit Court of Appeals, Seventh Circuit.
April 10, 1929.

Rehearing Denied June 12, 1929.

No. 4088.

Tom Leeming, of Chicago, Ill., for petitioner.

W. P. Hughes, Special Asst. Atty. Gen., for respondent.

Before ALSCHULER and ANDERSON, Circuit Judges, and BALTZELL, District Judge.

BALTZELL, District Judge. The petitioner, Uniform Printing & Supply Company, challenges the correctness of an order of the United States Board of Tax Appeals, wherein petitioner is ordered to pay a deficiency in income and profits taxes for the year 1918 in the sum of $34,060.86. The decision of said Board was promulgated on the 23d day of November, 1927.

The petitioner is a corporation organized and existing under and by virtue of the laws of the state of Illinois, with its principal office in the city of Chicago, Ill. It was organized prior to the year 1918, and was doing business during that entire year.

It appears that prior to 1915, various fire insurance companies had their forms, policies, literature, and other supplies printed by various persons and at various places throughout the United States. It also appears that practically each insurance company used forms, policies, and literature which were different from those of other companies. If, therefore, an agent in any locality represented more than one insurance company, he was compelled to keep a supply of different forms, policies, etc., for each company represented by him. This entailed a tremendous expense upon the company, and occasioned considerable waste.

A plan was devised by many of the leading insurance companies whereby uniform forms, policies, etc., were to be used by all such companies. These forms, policies, and other supplies of such companies were to be printed by a co-operative company of their own, and supplied to such companies at actual cost. As a result of this plan, the petitioner company was organized for the purpose of doing the printing and furnishing the supplies for such companies. It is the policy of the petitioner to print and distribute forms, policies, etc., at a price which is sufficient only to pay the expenses of operation and maintenance of the plant and organization. However, it was anticipated that in 1919, and subsequent years, it would be necessary for the company to spend substantial sums in replacement of and additions to the plant and equipment. Therefore, in order to provide the necessary funds for such contemplated expenditures, the price charged for forms, policies, etc., was increased over the actual cost during the year 1918, resulting in a surplus of $74,521.62 for that year. This amount was subsequently expended for replacements and additions. This surplus is taken as the basis upon which the deficiency taxes ordered paid are calculated.

The only question for this court to determine is whether or not the petitioner is such an organization as is exempt from taxation under section 231(7) of the Revenue Act of 1918 (40 Stat. 1076), which provides as follows:

"Sec. 231. That the following organizations shall be exempt from taxation under this title—

"(7) Business leagues, chambers of commerce, or boards of trade, not organized for profit and no part of the net earnings of which inures to the benefit of any private stockholder or individual;"

It is the contention of the petitioner that it is a *business league* and is, therefore, exempt from taxation by virtue of the above provision of the Revenue Act.

Since the enactment of the Revenue Law in 1913 (38 Stat. 172), there has been contained therein a provision for the exemption of "business leagues, chambers of commerce, and boards of trade, not organized for profit." The Treasury Department has issued regulations from time to time, since the enactment of said law, defining the term "business leagues" and giving examples thereof.

Article 518 of Treasury Regulations 45, made and promulgated pursuant to section 1309 of the Revenue Act of 1918 (26 USCA § 1245), reads as follows:

"Art. 518. *Business leagues.*—A business league is an association of persons having some common business interest, which limits its activities to work for such common interest and does not engage in a regular business of a kind ordinarily carried on for profit. Its work need not be similar to that of a chamber of commerce or board of trade. An association engaged in furnishing information to prospective investors, to enable them to make sound investments, is not such a league, since its members have no common business interest, and it is not exempt, even though all of its income is devoted to the purpose stated. A clearing house association, not organized for profit, no part of the net income of which inures to any private stockholder or individual, is exempt provided its activities are limited to the exchange of

checks and similar work for the common benefit of its members. An association of persons who are engaged in the business of carrying freight and passengers by boats propelled by steam, which is designed to promote the legitimate objects of such business, and all of the income of which is derived from membership dues and is expended for office expenses and the salary of a secretary-treasurer, is exempt from tax. An incorporated cotton exchange, whose shares carry the right to dividends, is organized for profit and is not exempt."

The construction given this statute by the Treasury Department has been substantially the same since its enactment. This construction, extending over a long period of time, when not plainly erroneous, must be treated as read into the statute. New York, New Haven & H. Railroad Co. v. Interstate Commerce Commission, 200 U. S. 361, 26 S. Ct. 272, 50 L. Ed. 515.

The Board, in this case, adopted the construction given in Regulation 45, art. 518.

The petitioner was organized under the General Corporation Laws of Illinois, and is engaged in the printing business, which, according to the laws under which it is incorporated, may be operated for a profit.

In accordance with the general plan of petitioner company, adopted at the time of its incorporation, all forms, policies, etc., were furnished to its stockholders at actual cost prior to the year 1918. During that year, however, a sum in excess of the actual cost was charged for the entire output of petitioner company, resulting in a profit or net earning for the year in the sum of $74,521.62. True, such profits or net earnings were invested in machinery and additions, but that does not mean that such profits or net earnings did not inure to the benefit of the stockholders, so as to exempt petitioner from the payment of taxes. The value of the property of petitioner was enhanced to the extent of the profits earned during that year. Therefore, such profits or net earnings did inure to the benefit of the stockholders. The property of petitioner company may be sold at any time, and the proceeds thereof divided among the stockholders. In other words, the profits or net income is included in the value of the property owned by petitioner company, and, upon ultimate dissolution, the proceeds may be divided among its stockholders. Kemper Military School v. Crutchley (D. C.) 274 F. 125.

It necessarily follows, therefore, that petitioner was organized for profit, and that the profits or net income of petitioner com-

pany for the year 1918 did inure to the benefit of the stockholders, thereby removing it from that class of taxpayers which is exempt under section 231(7) of the Revenue Act of 1918.

The order of the Board of Tax Appeals is affirmed.