## HADLEY v. COMMISSIONER OF INTERNAL REVENUE.

Court of Appeals of District of Columbia.
Submitted November 15, 1929. Decided
December 2, 1929.

No. 4829.

Fred A. Woodis and J. A. Burkart, both of Washington, D. C., for appellant.

Mabel W. Willebrandt, Asst. Atty. Gen., and C. M. Charest, L. W. Scott, Helen R. Carloss, Donald V. Hunter, and Sewall Key, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice. This appeal is from the decision of the United States Board of Tax Appeals, affirming the action of the Commissioner of Internal Revenue, holding appellant, a stockholder of the Hadley-Dean Glass Company, liable for taxation on a portion of the earnings of the company for the years 1917 and 1918, which were set aside to the credit of the appellant on the books of the corporation.

It appears that the Hadley-Dean Glass Company, a Missouri corporation, is engaged in the manufacture and sale of plate and window glass. The stockholders with their respective shares are as follows: Owen M. Dean, 105 shares; Leo G. Hadley, 94 shares; George G. Heffernan, 1 share.

It was the custom of the corporation up to 1910 to declare dividends to the stockholders. From 1910 to 1918, inclusive, no express declarations of dividends were made by the board of directors. Heffernan was paid $\frac{1}{200}$ of the net earnings; and the balance of the earnings were credited one-half to the account of Dean and one-half to the account of appellant, Hadley.

The credits for 1916 were entered to appellant's account on January 2, 1917; and the credits for the year 1917 were entered on his account on January 2, 1918. Return thereon was made for the taxable years 1917 and 1918, respectively.

While the credits to Hadley with 94 shares and Dean with 105 shares were equal, the Commissioner taxed appellant, Hadley, only with respect to his proportionate share of the earnings, based upon the actual amount of stock owned for the years 1917 and 1918.

The evidence discloses that, while there was no formal declaration of dividends, appellant's share of the corporate earnings was credited to his account, to which salaries, rents, interest, and other items due him by the corporation were likewise credited; and he had authority to draw, and did draw, indiscriminately, against the total sum standing to his credit. While it is true that appellant did not, during either year in question, withdraw all the earnings which were credited to him, but left the balance standing to his credit to be used in the business of the corporation, the fact remains that the whole account was unqualifiedly subject to his demand and under his dominion.

Appellant contends that neither the

amounts credited to him as a stockholder are dividends, nor can they be construed as dividends either under the general law as applied to corporations or the specific definition of dividends found in the Revenue Act of 1918.

Section 201 (a) of the Revenue Act of 1918, 40 Stat. 1057, 1059, defines a dividend as follows: "That the term 'dividend' when used in this title * * * means (1) any distribution made by a corporation, other than a personal service corporation, to its shareholders or members, whether in cash or in other property or in stock of the corporation, * * * out of its earnings or profits accumulated since February 28, 1913, and prior to January 1, 1918."

It is elementary that the mere declaration of a dividend does not constitute either a dividend or a distribution. Before there can be a dividend, there must be a declaration of such by the proper officers and funds set aside for its payment. It then becomes the property of the stockholder to the extent that he may maintain an action against the corporation for its recovery. While there was no declaration of a dividend in this case, there was a determination of the amount of profits or earnings to which the respective stockholders were entitled. One stockholder was paid his share in cash. The shares of the others were credited to their respective accounts on the books of the corporation in such a manner as to bring the fund within the absolute and unqualified dominium and control of the stockholder. While, technically speaking, this would not amount to the declaration of a dividend, it would amount to a distribution of the assets in such manner that the theory of corporate entity is not affected or disregarded, since it is settled law that the division of profits of a corporation among its stockholders amounts to a constructive dividend whether it is intended by the directors or stockholders to constitute a dividend or not. Chattanooga Savings Bank v. Brewer (C. C. A.) 17 F.(2d) 79, certiorari denied 274 U. S. 751, 47 S. Ct. 764, 71 L. Ed. 1332.

In the Chattanooga Case the capital stock was owned by two stockholders, who, during the year 1920, withdrew funds from the business without corporate action, charging the withdrawals to themselves on the books. The final withdrawals of November 9, 1920, brought the totals for the year into exact proportions to the respective interests of the stockholders in the corporation. With the apparent intention of curing the defect by correction of the corporate records, the directors on July 14, 1921, formally declared a dividend in an amount equal to the combined withdrawals of the two stockholders for the preceding year, crediting it to their respective accounts.

A tax was assessed against one of the stockholders for the year 1920 on his withdrawals. The tax was paid, and this action was brought to recover. The court, disposing of the case, said: "A formal declaration of the dividend was not necessary. Spencer v. Lowe (C. C. A.) 198 F. 961; Smith v. Moore (C. C. A.) 199 F. 689. Any distribution by the company to its shareholders, out of earnings or profits accumulated since February 28, 1913, was a dividend within the meaning of section 201 (a) of the Revenue Act."

The only respect in which that case differs from this is that there the exact proportionate amount was credited to each stockholder; while here, after the payment of the share to Heffernan, the balance was credited equally between the stockholders. We think this does not change the legal effect of the transfer of the funds from the dominium and control of the corporation into the dominium and control of the stockholders, and the mere adjustment, for the purposes of taxation, of the proportionate amount of the earnings to which Hadley was entitled, was within the general supervisory control of the Commissioner in determining the tax to be assessed.

It does not clearly appear whether the taxpayer rendered his returns on a cash or accrual basis, but we think this is not material, since the mere credit of his account with the earnings constituted an accrual. United States v. Anderson, 269 U. S. 422, 46 S. Ct. 131, 70 L. Ed. 347. However, according to the practice of the Department, the amounts were constructively received when credited. Under article 4, paragraph 51, Treasury Regulations 33, art. 53, it is provided as follows: "Income which is credited to the account of or set apart for a taxpayer and which may be drawn upon by him at any time is subject to tax for the year during which so credited or set apart, although not then actually reduced to possession. To constitute receipt in such a case the income must be credited to the taxpayer without any substantial limitation or restriction as to the time or manner of payment or condition upon which payment is to be made. A book entry, if made, should indicate an absolute transfer from one account to another. If the income is not credited, but is set apart, such income must be unqualifiedly subject to the demand of the taxpayer. * * * The distinction between receipt and accrual must be kept in mind.

Income may accrue to the taxpayer and yet not be subject to his demand or capable of being drawn on or against by him."

Clearly, under this rule, the earnings set aside in the present case must be construed as a receipt instead of an accrual, since the share of the earnings belonging to the appellant was not only placed to his credit on the books of the corporation, but was brought unqualifiedly subject to his demand. It was money available for his use as much as if it had been placed in his bank account subject to check.

The decision of the Board is affirmed, with costs.