## SMITH v. COMMISSIONER OF INTERNAL REVENUE.

### No. 5217.

Circuit Court of Appeals, Third Circuit.

March 14, 1934.

Paul Reilly, of Philadelphia, Pa., for petitioner.

Pat Malloy, Asst. Atty. Gen., and Walter L. Barlow and John H. McEvers, Sp. Assts. to the Atty. Gen., for respondent.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

DAVIS, Circuit Judge.

In 1869 the West Laurel Hill Cemetery Company was incorporated in Pennsylvania for the purpose of acquiring lands to be used for a cemetery, and it issued three thousand shares of stock of a par value of $50 each in exchange for its premises. The stock was issued illegally, and in 1881 the company canceled its stock and made a declaration of trust for the benefit of its stockholders who received trust certificates to evidence their share in the company.

By the terms of the trust, as much as one-fifth of the company's income could be used for permanent requirements for the upkeep and operation of the cemetery. The trust further provided that the company was "to apply, appropriate and divide the annual net income and monies from time to time received from said sales, not required for the aforesaid purposes, to and among the contributors aforesaid, and heirs, executors, administrators and assigns, in proportion to their respective interests and shares in the same and for which they shall hold certificates to be issued by the said company * * * which said net income out of the proceeds of said sales to be paid by the West Laurel Hill Cemetery Company, aforesaid, is the consideration for the conveyance of the said premises to the company for the aforesaid purposes."

The holders of the trust certificates were declared to have the status of stockholders with one vote for each share that the certificate represented and were eligible as managers of the company.

The business has been profitable and active. A distribution of profits, a matter lying in the discretion of the managers, has been made annually, but also a substantial and increasing surplus has been maintained. In 1929, the taxable year involved here, the company received the following income: $277,558 for burial rights, for which the value on March 1, 1913, was $150,698.04; $97,261.37 from a greenhouse operated by it; and $35,470.82 from certain investments. The com-

pany's operating expenses for 1929 were $172,182.19, plus $22,006.26 for depreciation and obsolescence. The company distributed $105,000 to its certificate holders in 1929; $4,514 of that amount being the portion received by the petitioner.

The petitioner did not include the $4,514 in her gross income for 1929. The Commissioner of Internal Revenue determined that the sum should be included in the petitioner's income as dividends distributed by an association within the meaning of the term "corporation" as defined in the revenue laws. The Board of Tax Appeals sustained the Commissioner's determination, and the petitioner brought this petition for review.

The questions here are whether or not the cemetery company is an association included within the meaning of the term "corporation" in section 701 of the Revenue Act of 1928 (26 USCA § 2701), and, if so, whether or not the distribution by the "corporation" to those participating therein in 1929 was a dividend as defined by section 115 of the Act of 1928 (26 USCA § 2115). The petitioner contends that the distribution was a deferred part payment for the sale of the cemetery premises to the petitioner in 1869.

The statute includes in the term "corporation" for the purpose of income taxation associations, joint-stock companies, and insurance companies. Whether or not a trust is taxable as an association has been subject to considerable discussion. Klien, Federal Income Taxation, p. 1139; Supplement, p. 610. The test laid down by this court in Little Four Oil & Gas Co. v. Lewellyn (C. C. A.) 35 F. (2d) 149, is that, if the trust is a business concern, and if the shareholders or trustees, or both combined, are operating it in active business for profit, the trust is in effect an association taxable as a "corporation."

It is not difficult in view of this test to determine from the facts that the Board did not err in its decision. The cemetery company, through its managers, selected from and elected by the certificate holders, carried on an active cemetery business, selling lots, buying land, operating a greenhouse and other incidental businesses and investing in securities. It is evident that this company was a business concern operated for profit, and therefore taxable.

The petitioner also insists that the distribution by the petitioner in 1929 was not a dividend. Section 115 of the Revenue Act of 1928 (26 USCA § 2115) provides that a dividend is any distribution of a corporation to its stockholders out of earnings and profits accumulated after February 28, 1913, and that every distribution is made out of earnings or profits to the extent thereof, and from the most recently accumulated earnings or profits.

The record shows that the company had accumulated a large surplus since February 28, 1913, and under section 115 the distribution was made out of the most recent accumulations of profits. The petitioner is entitled to the return of the value of her certificate as of March 1, 1913, but there is no evidence here to determine whether or not her share of the 1929 distribution was a return of capital.

Consequently, the order of the Board of Tax Appeals is affirmed.