## UNIFORM PRINTING & SUPPLY CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 5971.

Circuit Court of Appeals, Seventh Circuit.

Feb. 4, 1937.

Walter H. Eckert, A. R. Peterson, Tom Leeming, and Owen Rall, all of Chicago, Ill., for petitioner.

Robert H. Jackson, Asst. Atty. Gen., Sewall Key, J. Louis Monarch, and Howard P. Locke, Sp. Assts. to Atty. Gen., and Maurice J. Mahoney, of Washington, D. C., for respondent.

Before EVANS, Circuit Judge, and LINDLEY and BRIGGLE, District Judges.

EVANS, Circuit Judge.

The issue here involved is the validity of the $16,319.42 income tax assessment levied against petitioner by the Commissioner for the year 1930 and sustained by the Board of Tax Appeals. The Commissioner's inclusion of an item of $128,943.46 as taxable income constitutes the basis of the taxpayer's protest against the assessment.

The Facts: The taxpayer is an Illinois corporation engaged principally in printing forms, etc., for insurance companies. These companies were endeavoring to secure greater uniformity in documents in wide and common use by their agents and as a result organized petitioner to do the printing work of the various insurance companies who were its stockholders. In some instances the insurance companies gave petitioner some of their outside or personal printing business. The prices charged by petitioner were fixed on an estimated cost plus ten percent basis and an adjustment which occurred each year was made pursuant to a resolution that appeared upon the certificate of stock, hereinafter set forth.

It was by virtue of this by-law that the $128,943.46 was distributed to stockholders in December, 1930, and was "entered on the petitioner's books as representing the net amount in excess of cost for that period which was subject to refund to customers, * * * the amount having been determined by petitioner's accounting department as the excess over the actual cost of operation for the year." Petitioner listed in its income tax return this sum of $128,943.46, but attached thereto the following statement, "This corporation is a business league not organized for profit and all net earnings are turned over to the

Uniform Committee for distribution to its stockholders." The amount thus included was deducted as non-taxable income.

The Board of Tax Appeals, in a previous case against this same taxpayer, held petitioner was not a "business league," and its decision was upheld by this court. Uniform Printing & Supply Co. v. Commissioner, 33 F.(2d) 445. We are assuming that its legal status in this respect has not changed.

The by-law, above referred to, reads as follows:

"That the stock certificate shall provide that all of the surplus earnings not in the opinion of the Board of Directors required in the conduct and/or expansion of the business of the corporation shall each year be returned to the customers of the corporation in the proportion that the gross amount of business furnished by any customer bears to the gross amount of business done by the company, and the decision of the Board of Directors as to the percentage and/or amount to be returned to each customer shall be conclusive."

The Congress defined the term "dividend" as follows:

"§ 115. Distributions by corporations—

"(a) *Definition of dividend.* The term 'dividend' when used in this title [chapter] (except in section 203 (a) (4) and section 208 (c) (1), relating to insurance companies) means any distribution made by a corporation to its shareholders, whether in money or in other property, out of its earnings or profits accumulated after February 28, 1913." Revenue Act 1928, § 115 (a), 26 U.S.C.A. § 115 and note.

Respondent points to the fact that petitioner referred to the sum as net earnings and likewise described the distributees as its stockholders. On the other hand, the Board of Tax Appeals reviewed all the facts and found "the distribution was not made upon the basis of stock ownership," which was unquestionably in accord with all the facts.

Both the Commissioner and the Board found the so-called refund was a dividend. The precise and only question before us is the soundness of this finding or conclusion. Perhaps it would be better to call it a mixed finding of fact and conclusion of law. If the payment of this sum is a dividend, it should have been included in petitioner's taxable income for 1930. If it was a refund or rebate to customers, it was not part of petitioner's taxable income, for the sum should have been included in the stockholders' taxable incomes.

We are somewhat reluctant to differ with the Board on this issue and would not do so if the determination of the question turned upon disputed or controverted facts. But the facts are not in dispute. Controversy arises over the conclusions which such facts justify or necessitate.

Had the taxpayer given a customer (whether stockholder or outsider) a discount promptly after filling the order, no one would call it a dividend. If a rebate were given promptly upon the customer's business reaching a certain volume, the same conclusion as to its character would follow. To make cost estimates and adjust them at or near the end of each year returning the excess payment to the customer should not change the reasoning which leads to this conclusion. Nor should the fact that the customer is a stockholder materially affect the result.

Perhaps a single refund coming at the end of each year would lessen the irresistibility of the inferences, but the conclusion would still fit the facts better than one founded on a dividend assumption. It is true the taxpayer is not a nonprofit corporation in a legal sense. It is subject to a tax upon the profits by it made. Nevertheless, net profits in its case must depend upon the facts. Payment to the customers, who are also taxpayers, of sums called refunds based upon the volume of business transacted and in no way dependent upon stock ownership, is the determinative factor.

Considering all the facts we conclude that the payments in issue were made as refunds rather than as dividends to stockholding customers.

As the facts in each case are determinative and cases where the fact situations are similar are rare, we will not lengthen this opinion by a discussion of other decisions. We take the following cases from respondent's brief [Chattanooga Sav. Bank v. Brewer (C.C.A.) 17 F.(2d) 79; Christopher v. Burnet, 60 App.D.C. 365, 55 F.(2d) 527; Dewey Portland Cement Co. v. Crooks (C.C.A.) 57 F.(2d) 499; Dickey v. Burnet (C.C.A.) 56 F.(2d) 917; Faris v. Helvering (C.C.A.) 71 F.(2d) 610; Hadley v. Commissioner, 59 App.D.C. 139, 36 F.(2d) 543; Holley Carburetor Co. v. United States (Ct.Cl.) 58 F.(2d) 468; Le-

land v. Commissioner (C.C.A.) 50 F.(2d) 523; Lincoln Nat. Bank v. Burnet, 61 App. D.C. 54, 63 F.(2d) 131; Phelps v. Commissioner (C.C.A.) 54 F.(2d) 289; Riverdale Co-op. Creamery Ass'n v. Commissioner (C.C.A.) 48 F.(2d) 711; Smith v. Commissioner (C.C.A.) 69 F.(2d) 911; Stanford University Book Store v. Helvering, 65 App.D.C. 364, 83 F.(2d) 710] only to observe that the fact situations readily distinguish most, if not all, of them from the instant case.

The order is reversed.