### GREENE COUNTY FARMERS SALES ASS'N v. UNITED STATES.

No. 45431.

Court of Claims.

May 1, 1944.

Howe P. Cochran, of Washington, D. C. (Margaret F. Leurs and Betty Cochran Stockors, both of Washington, D. C., on the brief), for plaintiff.

Daniel F. Hickey, of Washington, D. C., and Samuel O. Clark, Jr., Asst. Atty. Gen. (Robert N. Anderson and Fred K. Dyar, both of Washington, D. C., on the brief), for defendant.

Before WHALEY, Chief Justice, BOOTH, Chief Justice (retired) recalled, and LITTLETON, WHITAKER, and MADDEN, Judges.

WHITAKER, Judge.

Plaintiff sues to recover additional taxes assessed as a result of the disallowance of deductions in both of the years in question of sums distributed by it to members of the Missouri Farmers Association who made purchases from it, and as a result of the disallowance of a deduction of a bad debt in the year 1934.

The Missouri Farmers Association was an organization of Missouri farmers. It had about 2,000 members. Some of them decided in 1919 to organize the plaintiff corporation for the purpose of dealing in agricultural products. It was organized in that year with an authorized capital of $40,000. It offered its stock for sale to members of the Missouri Farmers Association. Of the 2,000 members of that organization, 235 subscribed for stock. An amount of $19,900 of the authorized capital stock was sold.

Plaintiff did business with the public generally, but as an inducement to the members of the Missouri Farmers Association to trade with it, and in order to induce farmers to join the Missouri Farmers Association, plaintiff adopted by-laws providing for a distribution of all of its net profits in excess of 18 percent to such members of the Missouri Farmers Association as did business with it in proportion to the business each had done. After a surplus equal to 50 per cent of its outstanding capital stock had been accumulated, it agreed to distribute all its net profits in excess of 8 percent.

The adoption of these by-laws was advertised among the farmers of Missouri, and the members of the Missouri Farmers Association did business with plaintiff on the faith of this promise.

In both of the years in question plaintiff deducted the sums so distributed as an expense of doing business.

We think it is entitled to the deduction. The amounts distributed were rebates to purchasers and reduced by the amount of them the total amount received for goods sold.

This is plain, if we keep in mind that plaintiff was an entity separate and distinct from the Missouri Farmers Association. The moving spirits behind its organization were some of the members of that Association, but all members of that Association did not participate in the organization of nor own stock in plaintiff; only those members of the Missouri Farmers Association who subscribed for stock became stockholders in plaintiff and were entitled to the 8 percent dividend. Plaintiff had 235 stockholders, but there were 2,000 members of the Missouri Farmers Association that did business with it. The Missouri Farmers Association and plaintiff were separate and distinct entities. Plaintiff was not even a subsidiary of this Association.

These rebates were not given to stockholders, but only to those purchasers whose contract of purchase entitled them to it. Stock holding had nothing to do with one's right to the rebate.

Plaintiff's by-laws promised such rebates to members of the Missouri Farmers Association and these people bought on the faith of this promise and, so, could have enforced the payment of the rebate in a court of law. The obligation to pay it was an enforceable legal liability. As such plaintiff was entitled to deduct it, as a reduction of the amount which it in fact received for its goods sold. Uniform Printing & Supply Co. v. Commissioner, 7 Cir., 88 F.2d 75, 109 A.L.R. 966; Plymouth Brewing & Malting Co. v. Commissioner, 16 B.T.A. 123; Mertens Law of Federal Income Taxation, Vol. 4, par. 25.111.

Defendant in its brief refers to several cases dealing with farmers' cooperative associations, but these are inapplicable because plaintiff clearly was not a cooperative, but a corporation organized for profit. The persons to whom the rebates were paid were not "members" of plaintiff—the word used in referring to cooperatives;

that they may have been "members" of the Missouri Farmers Association, or of the Knights of Pythias, or of the Methodist Church, makes no difference.

We are of opinion that plaintiff is not entitled to the deduction in the year 1934 of any part of its deposit in the Queen City Bank of Springfield, Missouri. Control of this bank had been assumed by the Missouri State Finance Department in 1933, and in 1934 the bank was placed in the hands of a liquidator, but at no time during the year did plaintiff, nor indeed the liquidator, know whether or not depositors would be paid in full or what percentage of the deposits would be paid. The liquidator informed plaintiff that he could make no definite statement as to the amount they would be paid, and that all he could then say was that he probably would not be able to pay depositors in full. His mere statement that he probably would not be able to pay the depositors in full is not sufficient to establish that the debt was worthless either in whole or in part. The record does not show when the bank was finally liquidated, but it was sometime after 1935. A total of 12 percent was paid to the depositors.

On the facts we must hold that the debt was not ascertained to be worthless in the year in which a portion of it was deducted and that, therefore, plaintiff is not entitled to the deduction. Spring City Foundry Co. v. Commissioner, 292 U.S. 182, 54 S.Ct. 644, 78 L.Ed. 1200.

The entry of judgment will be deferred until the filing of a stipulation by the parties, or, in the absence of a stipulation, until the incoming of a report by a commissioner as to the correct amount due plaintiff computed in accordance with this opinion. It is so ordered.

BOOTH, Chief Justice (retired) recalled and MADDEN, Judge, concur.

LITTLETON, Judge (dissenting in part).

As shown by the findings, the Missouri Farmers Association was a state-wide organization of farmers. Plaintiff was a stock corporation organized under the laws of Missouri to act as business or sales agent of the Missouri Farmers Association. To become a member of the Missouri Farmers Association it was necessary that an applicant be eligible under its rules and regulations and that such applicant pay annual dues to the Association. Plaintiff had no such members. There was no connection between plaintiff's stockholdings and the distribution by plaintiff of patronage dividends in the manner hereinbefore stated in the findings, since a stockholder of plaintiff was not entitled to receive such patronage dividends unless he was a farmer-patron of plaintiff and was also a member of the Missouri Farmers Association.

As used hereinafter the term "member" refers only to patrons of plaintiff who were members in good standing of the Missouri Farmers Association, and the term "non-member" refers to other persons who transacted business with plaintiff.

From the date of its incorporation in 1919 plaintiff's by-laws provided, and so provided during the taxable years 1933 to 1935, inclusive, that all of plaintiff's annual net income was to be distributed as follows: (a) Ten percent to a reserve fund until such fund equaled 50 percent of the outstanding capital stock (the reserve fund reached this amount long prior to the taxable years in question); (b) a dividend of not to exceed 8 percent to plaintiff's stockholders; and (c) the balance of the net income to be distributed to all persons who transacted business with plaintiff who were members in good standing of the Missouri Farmers Association in proportion to the amount of business which each such member had with plaintiff.

During each of the taxable years in question plaintiff paid a dividend of 8 percent to its stockholders and distributed the balance of its net income, as specified in (c) above, to all farmers who transacted business with it who were members in good standing of the Missouri Farmers Association.

Plaintiff did not restrict its business to purchases from and sales to farmers who were members of the Missouri Farmers Association, but it dealt with anyone who desired to do business with it and handled both member and nonmember business on the same basis. However, only those of its patrons or customers who were members of the Missouri Farmers Association shared in the patronage dividends. The profits which plaintiff realized from business done with persons who were not members of the Missouri Farmers Association

were included in the total net profits for the year, which it distributed, after payment of the 8 percent dividend to stockholders, as patronage dividends only to farmers who dealt with it and who were members of the Missouri Farmers Association.

Plaintiff does not and, of course, cannot claim exemption from taxation under any provision of the taxing acts as a farmers cooperative association. See sections 103 of the Revenue Act of 1932 and 101 of the Revenue Act of 1934, 26 U.S.C.A. Int.Rev. Acts, pages 506, 688. But it contends that portions of the distributions of its net income remaining after payment of the 8 percent dividend which it made in the taxable years 1933 to 1935, inclusive, to its farmer patrons who were members of the Missouri Farmers Association, representing net profits which plaintiff made during such years from business transacted with persons who were not members of the Missouri Farmers Association, were rebates paid to such "members" and should therefore be excluded from plaintiff's taxable net income.

Upon the facts in this case I think the distributions in question representing profits derived by plaintiff from transactions with persons or patrons who were not members of the Missouri Farmers Association, which the defendant has determined to be $2,596.93 for 1933, $1,375.88 for 1934, and $1,154.95 for 1935, were not rebates of such character as would justify their allowance as a deduction from taxable income as ordinary and necessary expenses under any provision of the applicable taxing statutes or regulations. The defendant has allowed plaintiff to exclude from taxable income the distributions which it made out of its net income in each of the years in question to farmers who dealt with it and who were members of the Missouri Farmers Association to the extent of the net earnings derived by plaintiff from the business which it did with such "members," and those distributions are not in controversy here.

Rebates or discounts allowed and given to specific customers on transactions specifically with them or to customers generally on transactions with them may, in a proper case, be allowable as deductions in determining taxable net income (cf. Uniform Printing & S. Co. v. Commissioner, 7 Cir., 88 F.2d 75, 109 A.L.R. 966), but distributions of net profits derived from dealings with certain customers to certain other customers who were in no way connected with the transactions from which such net profits were derived are not rebates or discounts of this character. On the contrary plaintiff's net income was determined after taking into account all expenses and allowable deductions and such net income, from all sources, after payment therefrom of an 8 percent dividend to stockholders, was distributed to a selected group of customers. The taxing acts do not authorize deductions of such distributions in determining taxable income. Claimed deductions from net income which are not authorized specifically, either by the revenue acts or by any regulation applying to them, cannot be allowed. Brown v. Helvering, 291 U.S. 193, 205, 54 S.Ct. 356, 78 L.Ed. 725. The allowance of deductions from gross or net income does not turn on general equitable considerations. Deputy, Administratrix, et al., v. Du Pont, 308 U.S. 488, 493, 60 S.Ct. 363, 84 L.Ed. 416; White v. United States, 305 U.S. 281, 292, 59 S.Ct. 179, 83 L.Ed. 172.

Upon the record in this case I think the portion of plaintiff's net income in each of the taxable years representing profits earned by it from the business which it did with the public generally, that is with persons or customers who were not members of the Missouri Farmers Association and, therefore, not entitled to participate in any distribution of net earnings, constituted taxable income to plaintiff under the income-tax statutes. Lucas v. Earl, 281 U.S. 111, 50 S.Ct. 241, 74 L.Ed. 731.

I concur in the opinion of the majority with reference to the bad debt deduction.

I am of opinion that the petition should be dismissed.

WHALEY, Chief Justice, concurs in the foregoing opinion.