PRODUCERS GIN ASSOCIATION, A. A. L., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 72041.    Filed December 30, 1959.

---

*Nelson E. Taylor, Esq., Robert W. Hartford, Esq.*, and *J. K. Dossett, Esq.*, for the petitioner.

*Homer F. Benson, Esq.*, for the respondent.

OPINION.

TURNER, *Judge:* Petitioner does not contend that it is entitled to exemption from Federal income tax under section 101(12) of the 1939 Code or section 521 of the 1954 Code, granting limited exemption to certain farmers' cooperative associations which allocate patronage dividends, refunds, or rebates for the benefit of all their patrons, including both members and nonmembers. Instead, it seeks to exclude from its gross income, as patronage dividends paid, amounts paid to landlord patrons on business done for their tenants.

We regard it as settled law that a patronage dividend paid by a nonexempt cooperative may, in proper cases, be excluded from its gross income despite the lack of a specific statutory provision, on the theory that the patronage dividend is merely a yearend discount based on the volume of the customer's annual business. *Pomeroy Cooperative Grain Co.*, 31 T.C. 674; *Clover Farm Stores Corporation*, 17 T.C. 1265; *Dr. P. Phillips Cooperative*, 17 T.C. 1002; *United Cooperatives, Inc.*, 4 T.C. 93; *Uniform Printing & Supply Co. v. Commissioner*, 88 F. 2d 75. To qualify for exclusion, however, the allocation of earnings must have been made pursuant to a preexisting legal obligation. Furthermore, the distribution must have been made out of profits or income realized from transactions with the particular patrons for whose benefit the allocation was made, rather than from transactions with other persons or organizations not entitled to participate in the allocation. Thus, the patron receiving the rebate should be the one whose patronage created the particular type of profit distributed to him.

It is the contention of the respondent that where the tenant's portion of the rebates on landlord-tenant cotton is not paid directly to the tenant, such portion of the rebate does not qualify for exclusion from petitioner's income as a true patronage dividend. It is the position of the petitioner, on the other hand, that the payment of the rebate as made to the landlord was for both the landlord and the tenant; that the landlord was the acknowledged and accepted agent of the tenant; and that the rebate received by him in that capacity was, for the purposes here, a receipt thereof by the tenant.

According to the record, the landlord both under the contract with petitioner and in his acts at all times represented and declared himself as agent for his tenants in connection with the ginning of the

cotton jointly held with the tenant and in the sale of the cottonseed therefrom. At each step in the operation, the joint ownership of the cotton was declared and acknowledged. It was delivered to the gin as the cotton of the landlord and the particular tenant, and it continued to be so designated through the ginning operation, the making out of the ginning ticket, the payment of the net proceeds from the sale of cottonseed, and the payment of the patronage rebates or dividends at the end of the season. In some instances, the landlord would advise petitioner that the checks for the net proceeds from cottonseed and for the patronage rebates or dividends to the extent of the tenant's share, would be picked up by the tenants themselves, and when that occurred petitioner would deliver the check directly to the tenant. Otherwise the rebate would be paid to the landlord for the tenant.

According to the record, the arrangement appears to have been a practical one. The tenants had no facilities for transporting the cotton to the gin as required by the sharecropping agreement. The landlord acted as their agent for the purpose of delivering the cotton to the gin, paying the ginning costs, and receiving the net proceeds from the cottonseed sales and the dividends or rebates. He maintained at all times a record of the ownership and interest of each individual tenant in the cotton. As an agent in possession of commodities which he had the authority to sell, the landlord had implied authority to receive and collect payment for these goods. Restatement, Agency, sec. 71.

The next question presented is whether payment of the patronage dividend to an agent of the patron entitled to the allocation satisfies the requirements for exclusion. Neither petitioner nor respondent discussed this problem, apparently assuming that if the landlords were held to be agents of the tenants, petitioner should prevail. We agree. In determining the year in which income must be reported, the receipt of income by an agent is considered equivalent to receipt by the principal. *Maryland Casualty Co.* v. *United States*, 251 U. S. 342; *United States* v. *Pfister*, 205 F. 2d 538. Moreover, under section 39.27 (b)–2 (a) (3) of Regulations 118, payment of a dividend to a stockholder's agent will be deemed payment to the stockholder at such time. Consequently, by analogy, payment of the rebate to an agent of the patron should support exclusion of the rebate from petitioner's gross income.

*Decision will be entered under Rule 50.*