Estate of William B. Harrangue, Deceased, William B. Harrangue, Administrator, and Ida Marie Ortner (Formerly Ida Marie Harrangue) v. Commissioner. Ida Marie Ortner (Formerly Ida Marie Harrangue) v. Commissioner.
Estate of Harrangue v. Commissioner
Docket Nos. 68122, 81467.
United States Tax Court
T.C. Memo 1963-113; 1963 Tax Ct. Memo LEXIS 231; 22 T.C.M. (CCH) 523; T.C.M. (RIA) 63113; April 22, 1963
Fred R. Metheny, Esq., 1709 W. 8th St., Los Angeles, Calif., for the petitioners. David R. Brennan, Esq., for the respondent. FAY
Memorandum Findings of Fact and Opinion FAY, Judge: The respondent determined deficiencies in income tax against the petitioners, as follows: Additions to tax under
Sec. 294
Sec. 294
Year
Deficiency
Sec. 293(b)
(d)(1)(A)
(d)(2)
1950
$ 3,013.30
$1,506.65
$ 268.03
$178.70
1951
12,380.72
6,190.36
1,153.35
725.81
1952
10,998.13
5,499.07
1,001.69
667.99
The respondent and one of the petitioners in Docket No. 68122, Estate of William B. Harrangue, Deceased, have submitted a stipulated decision which will be entered as stipulated. The respondent *233 concedes that neither petitioner is liable for the addition to tax provided in section 294(d)(2) of the Internal Revenue Code of 1939. The only issues remaining for decision pertain to the petitioner Ida Marie and are: 1. Whether Ida Marie signed the joint income tax returns in question under duress. 2. Whether Ida Marie was denied due process of law because the estate of her former husband stipulated to the deficiencies and additions to tax due from the estate for the year 1951 without her participation in the negotiations. 3. Whether Ida Marie was denied due process of law because of the manner in which certain funds on deposit with the respondent were applied to the tax liability of her former husband's estate under the respondent's agreement with the estate. 4. Whether the statute of limitations has run on the tax liability of Ida Marie. Findings of Fact Many of the facts are stipulated and are found as stipulated. Petitioner Ida Marie Ortner and William B. Harrangue were husband and wife during the taxable years at issue. They filed their Federal income tax returns with the collector of internal revenue for the Sixth Collection District of California for 1950 and *234 1951 and with the district director of internal revenue at Los Angeles, California, for 1952. During 1950, 1951 and 1952 William was employed by Lockheed Aircraft Corporation as a purchaser of materials. He was paid in salary by Lockheed $5,551.56 in 1950, $6,618.80 in 1951 and $6,868.16 in 1952 conceded to be community income under the laws of the State of California. In addition to these sums, William received other income during each of the years at issue from suppliers of Lockheed in return for contracts to furnish materials to Lockheed. Ida Marie and William filed tax returns for the years at issue which in all respects purported to be joint income tax returns. They were signed by both Ida Marie and William. William arranged for the preparation of these returns and askedida Marie to sign them. When Ida Marie signed the returns, she had little knowledge of their contents and had very little understanding of the Federal income tax system although she had been gainfully employed prior to her marriage. These returns reported as gross income only the amounts of William's salary from Lockheed, except for the 1952 return which reported interest income in the amount of $600. In fact, *235 William's "[adjusted] gross income" for the years at issue was $19,008.10 for 1950, $40,027.85 for 1951 and $35,994.95 for 1952. Thus, a deficiency in tax exists with respect to each of the returns in issue. The deficiency on each of these returns is, as the parties have stipulated, due in whole or in part to fraud with intent, on the part of William, to evade tax. Ida Marie and William were divorced in 1953. Opinion The case has been urged on behalf of the petitioner Ida Marie largely on the basis that the payments made to William by Lockheed's suppliers did not become community property. We think that this is beside the point. Section 51(b) of the Internal Revenue Code of 1939, as amended by sections 303 and 305, Revenue Act of 1948, provides: SEC. 51. INDIVIDUAL RETURNS. * * *
(b) Husband and Wife. - (1) In General. - A husband and wife may make a single return jointly. Such a return may be made even though one of the spouses has neither gross income nor deductions. If a joint return is made the tax shall be computed on the aggregate income and the liability with respect to the tax shall be joint and several. * * *
This section has been construed to render *236 both parties to a joint return jointly and severally liable for taxes due on it, including additions to tax for fraud. Howell v. Commissioner, 175 F. 2d 240 (C.A. 6, 1949), affirming 10 T.C. 859 (1948); Kann v. Commissioner, 210 F. 2d 247 (C.A. 3, 1953), affirming 18 T.C. 1032 (1952); Boyett v. Commissioner, 204 F. 2d 205 (C.A. 5, 1953), affirming a Memorandum Opinion of this Court; Furnish v. Commissioner, 262 F. 2d 727 (C.A. 9, 1958), reversing on another point of law 29 T.C. 279 (1957). Of course, a return cannot be considered a joint return if it is signed by one of the parties under duress. Cf. Irving S. Federbush, 34 T.C. 740 (1960), on appeal (C.A. 2, Nov. 27, 1962). It is not clear from the petitioners' brief that Ida Marie seeks to contend that she was subject to duress in signing the joint returns involved. However, since the petitioners' brief does refer to Furnish v. Commissioner, supra, in which duress was considered, we shall treat this question as our first issue. We are unable to find that Ida Marie was subject to pressure when she signed the returns *237 in question so that she did not sign them of her own free will. Only one return for each year was filed by Ida Marie and William; in none of the years did Ida Marie file a separate return. The only evidence bearing on the question of duress was the testimony of Ida Marie. We can afford little, if any, weight to her testimony in regard to this question, because of the numerous contradictions it contains. In any event, that testimony would only tend to establish that her husband may have been somewhat domineering and that she was unfamiliar with Federal income taxes. We do not believe that this is sufficient to warrant a finding that she was unable to exercise her free will when she signed the returns in issue. We, therefore, uphold the respondent's determination that these returns were joint returns and that Ida Marie was liable for the taxes and additions to tax due thereon. The second issue is whether the petitioner Ida Marie was denied due process of law because the estate of her former husband stipulated to the deficiencies and additions to tax due from the estate for the year 1951 [1] without her participation in the negotiations. We do not believe that she was. The stipulation *238 of William's estate was not binding on her and, had she chosen to do so, she might have presented any evidence she wished with regard to the deficiencies and required the respondent to prove fraud by clear and convincing evidence in these proceedings. Jack Douglas, 27 T.C. 306, 315 (1956), affd. sub nom. Sullivan v. Commissioner, 256 F. 2d 4 (C.A. 5, 1958). She chose, however, not to present any evidence with regard to the deficiency and not to require proof of fraud, but rather stipulated to the amount of William's unreported income and to William's fraud. The third issue is whether the petitioner *239 Ida Marie was denied due process of law because of the manner in which certain funds deposited by the estate of William with the respondent were applied to the tax liability of William's estate under an agreement between the respondent and the administrator of the estate. Ida Marie contends that there were funds on deposit with the Commissioner on behalf of William's estate and that she had a binding agreement with the administrator of the estate that these funds would be applied to taxes due for the years in issue here, thus reducing the amount for which she would be liable. There is insufficient evidence for us to find that such an agreement existed. However, even if we could find such an agreement and determine that it was impaired by the settlement between the respondent and William's estate, we would have no jurisdiction to remedy the situation. May Kimball Smith, 27 B.T.A. 607 (1933), affd. [1934 CCH [*] 9165] 69 F. 2d 911 (C.A. 3, 1934), certiorari denied 293 U.S. 561 (1934). The jurisdiction of this Court under sections 6213, 6214 and 7442 of the Internal Revenue Code of 1954 and sections 272 and 1101 of the *240 Internal Revenue Code of 1939 is limited generally to determining whether or not there is a deficiency in tax, and does not extend to agreements relating to the payment of taxes. The final issue is whether the statute of limitations has run on the liability of Ida Marie. The petitioner Ida Marie contends that the statute of limitations has run on her tax liability and that it is improper to revive her liability by imputing the fraud of her husband to her. Section 276(a) of the Internal Revenue Code of 1939 provides: (a) False Return or No Return. - In the case of a false or fraudulent return with intent to evade tax or of a failure to file a return the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time. Under this provision, the absence of any period of limitations is, in part, predicated on the false and fraudulent character of the return involved and not the fraudulent conduct of the taxpayer. Here the joint returns submitted by Ida Marie and William were stipulated to be fraudulent by reason of the fraud of William, a party to the returns. Thus, there was never any period of limitations that might run *241 in favor of Ida Marie. Therefore, she continues to be liable for any taxes due on these returns. No question with regard to the addition to the tax under section 294(d)(1)(A) [2] of the Internal Revenue Code of 1939 was raised by the petitioners at any stage of the proceedings, and it has not been briefed by either of the parties. Therefore, we do not deem this question to be before us. *242 Stipulated decision will be entered in Docket No. 68122 insofar as petitioner Estate of William B. Harrangue, Deceased, is concerned. Decision will be entered under Rule 50 in Docket No. 68122 insofar as petitioner Ida Marie Ortner is concerned. Decision will be entered under Rule 50 in Docket No. 81467. Footnotes
1. William was a party with respect to both of the deficiency notices involved in this case. However, he filed a petition (Docket No. 68122) with respect to the deficiency notice dealing with the year 1951 only. On October 18, 1962, when the case was called for trial, the respondent and the administrator of William's estate submitted a stipulated decision in Docket No. 68122 agreeing to the deficiency in tax and the additions to tax as set forth in the deficiency notice with the exception of the addition to tax pursuant to sec. 294(d)(2), I.R.C. 1939↩.
2. SEC. 294. ADDITIONS TO THE TAX IN CASE OF NONPAYMENT. * * *
(d) Estimated Tax. - (1) Failure to file declaration or pay installment of estimated tax. - (A) Failure to File Declaration. - In the case of a failure to make and file a declaration of estimated tax within the time prescribed, unless such failure is shown to the satisfaction of the Commissioner to be due to reasonable cause and not to willful neglect, there shall be added to the tax 5 per centum of each installment due but unpaid, and in addition, with respect to each such installment due but unpaid, 1 per centum of the unpaid amount thereof for each month (except the first) or fraction thereof during which such amount remains unpaid. In no event shall the aggregate addition to the tax under this subparagraph with respect to any installment due but unpaid, exceed 10 per centum of the unpaid portion of such installment. * * *↩