**CHATTANOOGA SAV. BANK v. BREWER, Collector of Internal Revenue.**

(Circuit Court of Appeals, Sixth Circuit. January 14, 1927.)

No. 4692.

1. **Internal revenue** ⊗=38(12)—**Evidence held to support finding that withdrawals by one of sole owners of capital stock were "dividends," and subject to tax (Revenue Act 1918, § 201 [a], being Comp. St. § 6336⅛b).**

Evidence *held* to support finding that withdrawals by one of sole owners of capital stock without corporate action or authority were "dividends," under Revenue Act 1918, § 201 (a), being Comp. St. § 6336⅛b, and subject to tax.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Dividend.]

2. **Internal revenue** ⊗=7(7)—**Distribution to shareholders of earnings or profits accumulated since February 28, 1913, held "dividend" (Revenue Act 1918, § 201 [a]; being Comp. St. § 6336⅛b).**

Any distribution by corporation to shareholders of earnings or profits accumulated since February 28, 1913, proportionate to their share holdings, is a "dividend," within meaning of Revenue Act 1918, § 201(a), being Comp. St. § 6336⅛b.

3. **Evidence** ⊗=60—**It will not be assumed payments to sole owners of corporate stock were in violation of charter forbidding loans to stockholders.**

It will not be assumed that payments to sole owners of capital stock, though appearing on company's books as drawings charged against formal accounts of parties, were made in violation of charter provisions forbidding loans to stockholders.

In Error to the District Court of the United States for the Southern Division of the Eastern District of Tennessee; Zenophon Hicks, Judge.

Action by the Chattanooga Savings Bank, as administrator of the estate of John D. Key, deceased, against L. P. Brewer, Collector of Internal Revenue. Judgment dismissing the bill (9 F.[2d] 982), and plaintiff brings error. Affirmed.

Chas. S. Coffey, of Chattanooga, Tenn. (P. B. Mayfield, of Cleveland, Tenn., on the brief), for plaintiff in error.

George C. Taylor, U. S. Atty., of Knoxville, Tenn. (A. W. Gregg, Gen. Counsel, and Wm. T. Sabine, Jr.; Sp. Atty., both of Washington, D. C., on the brief), for defendant in error.

Before MACK and MOORMAN, Circuit Judges, and DAWSON, District Judge.

PER CURIAM. John D. Key and Webster T. James were sole owners of the capital stock of the Key-James Brick Company. During the year 1920 they withdrew funds from the business without corporate action or authority, charging the withdrawals to themselves upon the books of the corporation. These withdrawals were made, from time to time, in practically the same proportion as their respective stock holdings. The final withdrawal of November 9, 1920, brought their totals for the year into exact proportions to such interests. Key received on that date $22,982.82, and James $7,017.18. On July 14, 1921, the directors of the company declared a dividend in an amount equal to the combined withdrawals of the two for the preceding year, crediting it to their respective accounts. The government assessed a tax against Key for 1920 on his withdrawals for that year. Key paid the tax, and this action was brought by his administrator to recover it back on the ground that the amounts so received were income for 1921 and not 1920.

[1-3] The case was tried without a jury and the court found among other things that the amounts paid to Key and James during the year 1920 were dividends under section 201 (a) of the Revenue Act of 1918 (Comp. St. § 6336⅛b), and as such were subject to a tax for that year. We think there is substantial evidence to support the finding. A formal declaration of the dividend was not necessary. Spencer v. Lowe (C. C. A.) 198 F. 691; Smith v. Moore (C. C. A.) 199 F. 689. Any distribution by the company to its shareholders, out of earnings or profits accumulated since February 28, 1913, was a dividend within the meaning of section 201 (a) of the Revenue Act. While James did not know at the time each payment was made to him that Key was also paying to himself an amount of like proportion to his own stock, it appears that monthly statements were furnished to both parties showing the payments and thus James on receipt of these became advised of each preceding distribution. The final distribution, in November, 1920, indicates, not only because of the unusual or odd amounts paid, but also because it brought the totals into the correct ratable proportion to the stock holdings, that it was understood between the

two that these payments, as well as prior withdrawals, were made from earnings, and were to be treated as dividends. The charter of the company forbade making loans to stockholders. It will not be assumed that the payments, although appearing on the books of the company as drawings charged against the formal accounts of the parties, were made in violation of the charter provisions of the company. We think the court was justified, under the evidence, in finding that they were intended as, and in fact were, a distribution of earnings which had theretofore been accumulated.

Judgment affirmed.