## ANKETELL LUMBER & COAL CO. v. UNITED STATES.

No. J—554.

Court of Claims.
Nov. 14, 1932.

L. L. Hamby, of Washington, D. C., for plaintiff.

Lisle A. Smith, of Washington, D. C., and Charles B. Rugg, Asst. Atty. Gen. (Henry C. Clark and Herbert S. Fessenden, both of Washington, D. C., on the brief), for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

WHALEY, Judge.

This is a suit to recover income and excess-profits taxes in the amount of $10,529.74 for the calendar years 1919, 1920, and 1921, which are alleged to have been erroneously assessed and collected under the provisions of the Revenue Acts of 1918 and 1921 (40 Stat. 1057 and 42 Stat. 227). The plaintiff claims that by reason of the failure of the Commissioner of Internal Revenue to include, as invested capital, certain amounts alleged to be accounts receivable from its officers, it was required to pay more taxes for the years in question than were due.

The plaintiff is a Michigan corporation organized in 1908 and it operated several lumber and coal yards in small cities throughout the state of Michigan. The business was a prosperous one, and the corporation accumulated a substantial surplus. During the years 1917 to 1921, inclusive, the plaintiff was inactive, and all of its assets were converted into cash by sales. It reported to the secretary of state of Michigan and also to the Commissioner of Internal Revenue on its income-tax returns that it was in liquidation. It owed no outstanding obligations. The capital stock of the company consisted of 10,000 shares. Thomas J. Anketell held 5,999 shares; 3,025 shares were held by Mrs. E. M. M. Anketell, his wife; and 975

shares were held by the estate of Julia Mills, of which Thomas J. Anketell was one of the trustees. Mrs. E. M. M. Anketell was the daughter of Julia Mills and was entitled to one-half of the estate of her mother; the balance of the estate was owned by two nephews of Mrs. E. M. M. Anketell. One qualifying share of the capital stock was issued in the name of one of the plaintiff's employees, indorsed by said employee, and held by Thomas J. Anketell. Anketell and his wife were the sole officers of the corporation. It will be seen that the husband and wife owned and controlled over 95 per cent. of the stock of the corporation and the other 5 per cent. was held by the nephews of the wife. During the years involved Anketell and his wife drew out large sums of money, and these amounts were charged on the corporate books under the heading of "Accounts receivable from officers." These amounts, so withdrawn by these two officers, husband and wife, were substantially in proportion to their holdings of stock in the corporation. No notes were given for the repayment of these amounts and no securities deposited. During all of these years no interest was ever paid on the so-called loans and no interest charged to them on the books of the company. Small amounts were credited to each account from time to time, but these amounts were so insignificant and so trivial in character that they conclusively show they were not intended as repayments on withdrawals but simply that these accounts were used for the convenience of the parties.

The only question involved is whether moneys withdrawn from the plaintiff corporation by its sole officers, Thomas J. Anketell and his wife, E. M. M. Anketell, who owned, or controlled as trustees, its entire capital stock, were bona fide loans by such corporation or were liquidating dividends and return of capital invested, and for such reason could be excluded from the consolidated invested capital for the purpose of determining the profits tax liability for the years 1919, 1920, and 1921, inclusive. This was a family corporation. It was owned and controlled by husband and wife. The husband was in actual control. In determining this question it is necessary to look not alone to book entries or to isolated expressions of a party in interest. The situation must be viewed in its entirety. United Profit-Sharing Corp. v. United States, 43 F.(2d) 266, 70 Ct. Cl. 788, certiorari denied 282 U. S. 881, 51 S. Ct. 84, 75 L. Ed. 777; Weiss v. Stearn,

265 U. S. 242, 254, 44 S. Ct. 490, 68 L. Ed. 1001, 33 A. L. R. 520; Doyle v. Mitchell Bros. Co., 247 U. S. 179, 38 S. Ct. 467, 62 L. Ed. 1054; United States v. Klausner et al. (C. C. A.) 25 F.(2d) 608; Haugh & Keenan Storage & Transfer Co. v. Heiner (D. C.) 20 F.(2d) 921; Michaels v. McLaughlin (D. C.) 20 F.(2d) 959; Hyams Coal Co. v. United States (D. C.) 26 F.(2d) 805.

In arriving at a correct solution of this problem the court is not confined to what is set up on the books of the company, but can go behind these entries and look to the substance and not to the form. United States v. Phellis, 257 U. S. 156, 168, 42 S. Ct. 63, 66 L. Ed. 180. This company was in liquidation and these amounts of money were drawn out by its officers in quantities substantially in proportion to their holdings. It is true no amounts were credited to the estate of Mills, which was a small stockholder, but Mrs. Anketell was entitled to one-half of its interest, and there is no complaint from the minority stockholders. Ratcliff v. Clendenin (C. C. A.) 232 F. 61; Allen v. Wilson (C. C.) 28 F. 677; Christopher v. Burnet, 60 App. D. C. 365, 55 F.(2d) 527, 528.

The withdrawals were not used for the benefit of the corporation but for the personal advantage of Thomas J. Anketell and his wife. There was no declaration of a dividend by the corporation, but this was not necessary where all the stock is owned by a single individual, or, in this case, by one family. Chattanooga Savings Bank v. Brewer (C. C. A.) 17 F.(2d) 79, certiorari denied 274 U. S. 751, 47 S. Ct. 764, 71 L. Ed. 1332.

The Commissioner of Internal Revenue held that the amounts received by Anketell and his wife were dividends, and the invested capital of the corporation had been reduced by the payments of these amounts and assessed the additional taxes accordingly. The burden of proof was on the plaintiff to overcome the findings of the commissioner on this point and a careful examination of the evidence brings a firm conviction that these withdrawals were never intended to be repaid and were only repaid years after this controversy arose. The method and manner of repayment establishes, in our opinion, that they were resorted to in order to lend color to the contention and not as an acknowledgment of an outstanding legal liability. It is admitted by the husband, who was the only witness, that after repayment to the corporation the money was returned to the husband and wife.

In the case of Chattanooga Savings Bank v. Brewer, supra, two stockholders owning all the capital stock withdrew funds from the business without corporate action or authority, charging the withdrawals to themselves on the books of the company, and it was held that such withdrawals constituted taxable dividends and not loans as contended by the taxpayer.

In Garvan, Inc., v. Eaton (D. C.) 20 F. (2d) 422, two brothers owned the entire capital stock of a corporation in equal shares and withdrew large sums for which they substituted their notes without interest and on which no payments were made. It was held that such notes were not invested capital under the revenue acts upon which deductions might be based, but the withdrawals were in reality distributions to the stockholders of surplus.

In Christopher v. Burnet, supra, it was held that the withdrawals of funds by a single individual owning all of the corporation's stock was taxable as dividends, notwithstanding the book entries, where no evidence of indebtedness was executed and no interest charged. The facts of this case clearly establish that Anketell and his wife, during the years involved in this suit, never intended to pay interest on the withdrawals or repay the amounts. The reimbursement of the accounts, in 1922, and the striking of a balance in 1927 by salary charges and advances from husband to wife do not change the complexion of the true character of the withdrawals at the time they were made, nor do these colorful transactions affect or alter the course of judicial action. The commissioner was correct in holding these charges on the books of the corporation were not assets of the corporation and part of the invested capital but dividends in distribution of the assets of the corporation. The complaint must be dismissed. It is so ordered.