## COHEN v. COMMISSIONER OF INTERNAL REVENUE, and three other cases.
### Nos. 6665–6668.

Circuit Court of Appeals, Sixth Circuit.
April 12, 1935.

H. K. McCook, of Washington, D. C. (and DeVries, Crawford & McCook, of

Washington, D. C., on the brief), for petitioners.

R. N. Anderson, of Washington, D. C. (Frank J. Wideman and Sewall Key, both of Washington, D. C., on the brief), for respondent.

Before MOORMAN, HICKS, and ALLEN, Circuit Judges.

ALLEN, Circuit Judge.

These cases arise out of separate petitions to review four separate orders of the Board of Tax Appeals sustaining deficiency assessments against the petitioners. 28 B. T. A. 190. The proceedings were consolidated and heard as one before the Board. The petitioners sought a redetermination of deficiencies in income tax found by the Commissioner for 1928.

The sole question is whether the amounts upon which these deficiencies are calculated constituted income in 1928. The controversy arises as follows:

Petitioners, who were shareholders in and employed by The Dan Cohen Company, a corporation, each had an account with the corporation to which was credited salary and dividends, and to which was charged as a debit all cash withdrawals. Upon December 31, 1924, the cash withdrawals of the petitioners respectively exceeded their credits by the following amounts, for the years given:

Nathan Rosenbaum, 1913 to 1924, inclusive.............. $ 9,947.00
Nathan Cohen, 1910 to 1924, inclusive .................... $62,951.06
Moses Cohen, 1912 to 1924, inclusive ................... $76,615.12
Mr. and Mrs. Edward Godfried, 1912 to 1924, inclusive........ $26,258.99

Upon October 16, 1928, at a special meeting of the board of directors, a resolution was passed by which the above amounts were "cancelled and charged off against surplus," as of December 31, 1924. A second resolution was passed at the same meeting, by which the amounts of withdrawals of the petitioners for the years 1925, 1926 and 1927 were "charged off in lieu of a common stock dividend against the surplus of the company."

The petitioners filed amended returns for the years 1925, 1926 and 1927, in which they reported the amount of their debit balances for those particular years as dividends.

Prior to 1924 they returned none of their cash withdrawals as income.

The Commissioner included in the income of each petitioner as dividends for 1928 the amount of his respective debit balance on December 31, 1924, cancelled by the resolution of October 16, 1928. The petitioners contend that since they received no cash or any other property from the corporation in 1928, these amounts cannot be charged as income arising in that year. Sections 22 (a) and 115 (a) of the Revenue Act of 1928, 26 USCA §§ 2022 (a), 2115 (a).

It is contended that under section 8623-123c of the General Code of Ohio, any liability incurred by the petitioners for the amount of the withdrawals was outlawed within two years, and hence that the resolution of October 16, 1928, did not extinguish a collectible liability. This statute has no bearing, as it was enacted in 1929, subsequent to the resolution of cancellation. 113 Ohio Laws, p. 459.

The petitioners also claim that the six-year statute of limitations applies, and that therefore all withdrawals prior to the expiration of this statute, some of which withdrawals dated from the year 1910, could not be recovered in an action brought by the corporation against any of the stockholders. However, the running of the statute does not cancel an indebtedness; it simply suspends the remedy.

It is the general rule that a dividend is taxable in the year in which it is received, and not in the year in which it is declared. Mason v. Routzahn, Collector, 275 U. S. 175, 48 S. Ct. 50, 72 L. Ed. 223; United States v. Phillips, 24 F.(2d) 195 (C. C. A. 3). This rule, however, applies when a dividend is declared as such, and to the usual situation where a dividend is first declared and subsequently paid.

Here the burden was on the petitioners to show that the withdrawals of the years prior to December, 1924, constituted dividends received in those years. Crowell v. Commissioner, 62 F.(2d) 51 (C. C. A. 6). This burden they did not sustain. There was no agreement between the stockholders and no corporate action declaring the character of these withdrawals. However, there was no evidence of any distribution by the corporation prior to the adoption of the resolution of 1928. Moreover, there is evidence that when the sums withdrawn were in excess of the credits, a debt was

created. This inference arises from the very nature of a drawing account. Also it is significant that the withdrawals were not in proportion to the stock ownership. Moses Cohen owned 240 shares of common stock and 500 shares of preferred stock. His debit balance on December 31, 1924, was $76,615.12, representing withdrawals beginning in 1912. Nathan Cohen owned the same amount of both common and preferred stock as Moses Cohen. His withdrawals began in 1910, and as of December 31, 1924, his debit balance was $62,951.06. The withdrawals of the other petitioners were also disproportionate to their holdings. This fact completely differentiates these cases from Chattanooga Savings Bank v. Brewer, Collector, 17 F.(2d) 79 (C. C. A. 6), in which the withdrawals were made by the two sole owners of the corporation, and were practically pro rata. There the fact that the withdrawals were equalized between the two sole owners on the final distribution, together with other circumstances, was held to constitute evidence of an understanding that the withdrawals should be treated as dividends. Christopher v. Burnet, 60 App. D. C. 365, 55 F.(2d) 527, turned mainly upon the proposition that no formal dividend declaration was necessary where substantially all the stock of the corporation was owned by a single individual.

We know of no principle of law under which the custom of cash withdrawals, through the usual drawing account, so disproportionate to corporate holdings as in this case, rises to the dignity of a distribution of corporate earnings without either action on the part of the corporation, or some evidence of agreement among the shareholders.

In addition, the parties recognized these sums as a liability. The corporation set them up as a debt on its books. The petitioners, by their failure to return these amounts as income prior to 1928, recognized that the withdrawals did not constitute dividends received in those years. The fact that the first corporate action with reference to these amounts expressly cancelled "the total of the accounts charged" to the petitioners, and charged them against corporate surplus, speaks strongly in favor of the Commissioner's determination. It was this action in October, 1928, which gave to the petitioners an indisputable right to the amounts previously advanced to them and effected a distribution of the accumulated earnings of the company. The Commis-

sioner properly included them in the petitioners' income for the year 1928.

The orders of the Board of Tax Appeals are affirmed.