HARRY E. WIESE, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket No. 77690.  Promulgated March 19, 1937.

*H. Kennedy McCook, Esq.*, for the petitioner.
*B. H. Neblett, Esq.*, for the respondent.

702

HILL: The issue presented for decision in this case is whether the withdrawals by petitioner of funds from the printing company, of which he was the sole stockholder, in the years prior to 1932, constituted dividends taxable to him as income for the respective years in which withdrawn, as contended by petitioner, or whether there was a dividend taxable to petitioner in the year 1932 in the aggregate amount of such withdrawals, as contended by the respondent.

Section 115 (a) of the Revenue Act of 1932 defines the term "dividend" as meaning any distribution made by a corporation to its shareholders, whether in money or other property, out of its earnings or profits accumulated after February 28, 1913.

It is agreed by the parties that the printing company at all times had accumulated earnings or profits in excess of petitioner's withdrawals.

The issue here presents primarily a question of fact. It is obvious that a withdrawal by a stockholder of funds of a corporation does not necessarily constitute a distribution of profits, even if the corporation has an accumulation of profits in excess of the withdrawal; and such withdrawal may or may not, in the light of that fact alone, be said to be a dividend. A corporation may lend its funds, including earnings, with or without interest, on open account or upon notes, secured or unsecured; and such privilege is not restricted to the lending of its funds to persons other than stockholders. Therefore, whether the withdrawals of corporate funds by petitioner, here in controversy, constituted loans or dividends in the years when withdrawn must be determined from the facts in the record before us; and the record, we think, clearly identifies the withdrawals as being loans prior to December 1932.

Petitioner points to the fact that he paid no interest on the amounts withdrawn, nor was any charged, and that he executed no notes or other evidences of indebtedness to the corporation. But these facts are not necessarily controlling. The withdrawals may still have been bona fide loans.

The amounts withdrawn each year were charged against petitioner's account on the books of the corporation, and were concurrently treated as loans both by the corporation and by petitioner. This is evidenced on the part of petitioner by the fact that in his original individual returns he did not report the amounts as dividends. If they were in reality dividends, and petitioner had no intention of repaying the amounts to the corporation, then, *this fact necessarily being known to petitioner*, the premises compel the conclusion that he fraudulently understated his taxable income. However, fraud is not lightly to be imputed, nor such presumption

indulged except as the result of clear and convincing proof. *Henry S. Kerbaugh*, 29 B. T. A. 1014; affd., 74 Fed. (2d) 749. In the absence of proof, we can not assume that the withdrawals were at the time intended to be distributions of profits, and not loans.

Also, the uncontradicted evidence affirmatively shows that the corporation consistently treated the withdrawals as loans on its books up to December 1932. In the balance sheets of the corporation attached to its original returns for each of the years from 1925 to 1931, inclusive, petitioner's withdrawals were included as accounts receivable and shown as an asset. This was wholly inconsistent with the idea that the withdrawals were dividends in the respective years.

As of December 31, 1932, petitioner's account on the corporation's books was credited with the full amount of the total withdrawals and a new account opened with a corresponding debit. The new account was entitled "Withdrawals of Profits not Formally Authorized in the Minutes of the Company." Thereafter, the amount of the withdrawals was no longer carried as an asset, and, in the balance sheets of the corporation attached to its original return for 1932, the amount was not included in accounts receivable.

Petitioner argues on brief that by the entries referred to the debit balance of his account was not charged off the books, but we think the record does not support this contention. Not only did the balance of petitioner's account disappear as an asset of the corporation because of the credit to his account, but the amount in effect was charged against surplus. It is apparent that the new account, which recorded the unauthorized withdrawals removed from petitioner's personal account, was in effect merely a subdivision of the surplus account. True surplus could not be determined except by transferring the debit balance of that account into the surplus account.

By the action taken by the corporation in December 1932, petitioner for the first time acquired the unrestricted ownership of the withdrawn funds in his individual capacity. As the result of that action, the aggregate amount became a dividend, and petitioner was released from liability to repay. The effect was precisely the same as if the corporation had formally declared a dividend in that amount and credited the same to petitioner's account. Theretofore, if the corporation had become insolvent, creditors might have required petitioner to pay into the corporation the amount shown as owing to it on his account; or, if by reason of a new venture or an expansion of business, the corporation needed additional funds, which were furnished by petitioner and credited on his account, it would not have constituted a contribution of capital but a payment of his indebtedness to the corporation.

Respondent has determined that the withdrawals in controversy constituted loans in the years in which withdrawn and that by the corporate action taken in 1932, with the consent of petitioner, a dividend in the total amount of the loans was credited to petitioner in discharge of the loans, and that such dividend was taxable in the year 1932. The evidence is insufficient, we think, to establish that respondent's determination is erroneous.

We had before us a similar situation in *Moses Cohen*, 28 B. T. A. 190; affd., 77 Fed. (2d) 184; certiorari denied, 296 U. S. 610. That case involved debit balances as of December 31, 1924, standing on the books of a corporation of which the petitioners were stockholders, and representing withdrawals previously made by them. We held the amounts to be income to the petitioners *not* when the withdrawals were made, but in 1928, when, by appropriate corporate action, the balances were canceled and charged against surplus. To the same effect see *Fred T. Wood*, 27 B. T. A. 162; and compare *J. O. W. Gravely*, 29 B. T. A. 29.

The conclusion reached renders it unnecessary to consider respondent's plea of estoppel.

*Judgment will be entered for the respondent.*