## WIESE v. COMMISSIONER OF INTERNAL REVENUE.

### No. 10967.

Circuit Court of Appeals, Eighth Circuit.

Jan. 17, 1938.

Rehearing Denied Feb. 9, 1938.

H. Kennedy McCook, of Washington, D. C. (Howard L. Donham, of St. Louis, Mo., on the brief), for petitioner.

Morton K. Rothschild, Sp. Asst. to Atty. Gen. (James W. Morris, Asst. Atty. Gen., and Sewall Key, Sp. Asst. to Atty. Gen., on the brief), for respondent.

Before GARDNER, SANBORN, and THOMAS, Circuit Judges.

THOMAS, Circuit Judge.

This petition for review of a decision of the Board of Tax Appeals, 35 B.T.A. 701, raises the question whether withdrawals of earnings made by the sole owner of the stock of a corporation during the years 1926 to 1932, inclusive, are to be considered income to the stockholder for the years in which the withdrawals were made, or in 1932, when the charges against the stockholder were canceled on the books of the corporation.

The petitioner owned all of the stock of the Wiese Printing Company, a corporation organized under the laws of Missouri in 1925. No minute books were ever kept by the corporation, except for the minutes of the first meeting, and no dividends were ever declared by the board of directors.

There was carried on the books of the corporation, beginning in 1925, an account entitled "Harry E. Weise" to which was debited all withdrawals made by petitioner, except salary payments, and to which was credited all credits from the corporation to which he was entitled. No notes were signed for the funds which were withdrawn and charged to this account, nor did petitioner every pay any interest upon the money which he took out of the company.

In December, 1932, the petitioner employed a certified public accountant to examine the books of the printing company. This accountant noticed that the ledger showed a large debit balance in the "Harry E. Weise" account. He made an analysis of the account, and discovered that there were included in it charges which should have been charged to the corporation. The other items in the account represented withdrawals of cash by the petitioner for his personal use. The accountant therefore made, with the acquiescence and consent of

the petitioner, a series of journal entries in the books of the corporation as of December 31, 1932. By these entries he charged against the corporation certain items which he thought had been improperly charged to the Harry E. Wiese account, and transferred the debit balance of that account to a new account entitled "Harry E. Wiese—Withdrawals of profits not formally authorized in the minutes of the company."

Prior to the making of these journal entries in the books of the corporation, that is, from 1925 to 1931, inclusive, the debit balance of the "Harry E. Wiese" account was carried as an account receivable in the balance sheets attached to its federal income tax returns. The balance sheet attached to the original return for the year 1931 and filed March 14, 1932, showed as of December 31, 1931, accounts receivable in the amount of $115,418.36 and surplus in the amount of $117,200.46. With the making of the journal entries in 1932, the corporation elected to treat the debit balance in the Wiese account no longer as an addition to accounts receivable, but as a reduction of surplus. Accordingly, when on March 15, 1933, the corporation filed a corrected income tax return for the year 1931 and an original return for the year 1932, the surplus was shown as of the end of 1931 and the beginning of 1932 to be $14,007.09. The difference made in the amount of surplus by these entries is the sum of $103,193.37.

Although the petitioner filed his personal federal income tax returns for all years from 1925 to 1932, inclusive, upon the basis of cash receipts and disbursements, none of these withdrawals for personal use had been, until 1932, included in the petitioner's returns. On March 15, 1933, the petitioner filed amended personal federal income tax returns for the calendar years 1930 and 1931, and included therein as dividends the amounts which he had withdrawn from the company and charged to his personal account in those years. On August 1, 1935, the petitioner filed amended personal income tax returns for the calendar years 1926 to 1929, inclusive, reporting the amounts withdrawn in those years. The additional taxes shown by the amended returns were paid.

In 1933 a federal revenue agent examined the books of the Wiese Printing Company and concluded that the entire amount of the withdrawals not authorized by the minutes of the company was income to the petitioner in the year 1932. The Commissioner of Internal Revenue thereupon increased the net income of the petitioner for 1932 by $103,193.37, and on August 3, 1934, advised petitioner of his deficiency for 1932 and his overassessment for the years 1930 and 1931. Upon appeal the Board of Tax Appeals entered its order of redetermination sustaining the conclusion of the Commissioner.

All of the assignments of error attack the finding that the $103,193.37 was income to petitioner in the year 1932, when it was transferred out of the "Harry E. Wiese" account. It is petitioner's contention that this income was received by him at the times when the money was withdrawn from the corporation.

■ The principles of law invoked by each party are relatively simple. When the principal shareholder of a corporation makes a permanent withdrawal of funds from the company, he is deemed to have received income at the time of withdrawal, although the formalities of a dividend distribution have not been observed and the payment is recorded on the books of the company as a loan. Chattanooga Savings Bank v. Brewer, 6 Cir., 17 F.2d 79; cf. Christopher v. Burnet, 60 App.D.C. 365, 55 F.2d 527; Anketell Lumber & Coal Co. v. United States, 1 F.Supp. 724, Ct.Cl.

But if the stockholder borrows money from the company, and subsequently the company cancels the debt, income accrues to the stockholder at the time when the character of the withdrawal changes from a loan to a distribution of profits. Cohen v. Commissioner, 6 Cir., 77 F.2d 184; cf. Fitch v. Helvering, 8 Cir., 70 F.2d 583. Petitioner in his brief attempts to distinguish the Cohen Case on the ground that the debt there was charged off by formal resolution of the board of directors, while in the instant case the same thing was accomplished by book entries. The distinction is not important. The result is the same whichever method be applied.

■ The question therefore, before the Board for determination, was whether petitioner received the withdrawals as income year by year as they were paid to him and charged against him, or whether the aggregate amount of the withdrawals must be considered as income to him in 1932 when the charge to his account was in effect canceled. The alternative suggestion, that if the whole amount constituted income in a

single year it was properly referable to 1931 or 1933 but not to 1932, is without merit. If petitioner cannot show that such withdrawals came within the principle of Chattanooga Savings Bank v. Brewer, supra, then they necessarily came within the principle of the Cohen Case, supra. Thus the present case turns upon the answer to the question, Were the withdrawals in fact loans at the time they were paid out?

The evidence consists of a stipulation of facts and some exhibits. From these the board drew the inference that the withdrawals were loans and did not constitute income to petitioner until 1932. There was ample evidence in the record to support this inference. The board attributed to the petitioner good faith in his conduct in the premises from 1926 to 1932. During that period he did not report the withdrawals as income, but they were carried on the books of his corporation as accounts receivable. The finding of the board is therefore supported by substantial evidence. "Such a determination of fact is not to be set aside by a court even if upon examination of the evidence it might draw a different inference." Palmer v. Helvering, Commissioner, 58 S.Ct. 67, 70, 82 L.Ed. ——, decided November 8, 1937; Elmhurst Cemetery Company v. Commissioner, 300 U.S. 37, 40, 57 S.Ct. 324, 325, 81 L.Ed. 491; Helvering v. Rankin, 295 U.S. 123, 131, 132, 55 S.Ct. 732, 736, 79 L.Ed. 1343.

The significant fact in the present case was the intent of the petitioner when he took the money, whether he took it for permanent use in lieu of dividends or whether he was then only borrowing. The intent must be inferred from the conduct of the petitioner, since there is no other evidence of it. The burden of proof was on him to show that the Commissioner was wrong. Fitch v. Helvering, 8 Cir., 70 F.2d 583; Cohen v. Commissioner, supra; J. & O. Altschul Tobacco Co. v. Commissioner, 5 Cir., 42 F.2d 609; cf. Reinecke v. Spalding, 280 U.S. 227, 50 S.Ct. 96, 74 L.Ed. 385. We can find in the stipulation no facts from which we can say that the Board of Tax Appeals should, as a matter of law, have inferred that the petitioner intended his withdrawals to be permanent at the time he made them. It is important that courts do not go too far in relieving the taxpayer of his burden of proof in cases such as this, where both the facts and the evidence are peculiarly subject to the control and knowledge of the taxpayer. If individuals should be allowed to take advantage of the government's inability to recognize their unexpressed intentions the way would be open for one to say in retrospect when his income accrued, according to his own advantage.

The decision of the Board of Tax Appeals is affirmed.