**KENNEMER et al. v. COMMISSIONER OF INTERNAL REVENUE.**

No. 8544.

Circuit Court of Appeals, Fifth Circuit.

May 3, 1938.

Wm. H. Flippen, W. B. Harrell, and C. E. Kennemer, Jr., all of Dallas, Tex., for petitioners.

Helen R. Carloss, Sewall Key, and Norman D. Keller, Sp. Assts. to Atty. Gen., James W. Morris, Asst. Atty. Gen., and Ralph E. Smith, Sp. Atty., Bureau of Internal Revenue, of Washington, D. C., for respondent.

Before FOSTER, SIBLEY, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

This review involves the individual cases of three brothers, citizens of Texas, and the case of Service Ice Company, a corporation under the laws of Texas. Severally, they sought a redetermination of alleged deficiencies in their income tax returns for the taxable periods hereinafter stated, respectively.

By joint petition of all parties, the consolidated proceedings were brought to this court from a decision of the Board of Tax Appeals holding that each of the individual petitioners, in the calendar year 1929, received a taxable distribution under the Revenue Act of 1928, § 115(c), 26 U.S.C.A. § 115 note, and that the corporate petitioner, as owner and operator of a certain business, was the proper taxpayer upon the income of that business for the fiscal year which ended February 28, 1930.

The Board's findings of fact are fully set forth in the record, but they cannot be reviewed to determine whether they are supported by substantial evidence, because there is no statement in the record of the evidence before that tribunal. Commissioner v. Continental Screen Co., 6 Cir., 58 F. 2d 625; Evergreen Cemetery Ass'n v. Burnet, 59 App.D.C. 397, 45 F.2d 667; Heinz v. Commissioner, 5 Cir., 70 F.2d 461. The opinion of the Board in these cases is reported in 35 B.T.A. 415, and in that report, preceding the opinion, are the findings of fact in full to which reference is hereby given for a more detailed statement than we shall make.

In 1929, the Angelo Ice Company sold all of its assets, except cash and bills and notes receivable, to the American Service Company, and distributed $240,000 out of $250,000 of the cash received to its stockholders, the individual petitioners, who used these funds to purchase or construct ice plants in other cities, taking title in their own names. Subsequently, they conveyed these properties to the corporate petitioner, Service Ice Company, and received in exchange therefor shares of stock in the same proportion that they had held stock in the Angelo Ice Company, except that the shares to which H. C. Kennemer was entitled were issued to C. E. Kennemer, Jr., for the benefit of H. C. Kennemer, and that four qualifying shares were issued. Except to pay its debts, there is no showing that the Angelo Ice Company continued to operate or transact any business after it sold its assets, but no formal action was taken by the stockholders or directors to dissolve the corporation. Moreover, the corporation failed to pay its franchise tax to the state of Texas due May 1, 1929, and its right to do business was forfeited on July 2, 1929.

If nothing else had occurred, there could be no question that the distribution to the individual petitioners was a liquidating dividend. It is not material that the distribution was not specifically designated as a liquidating dividend or that no formal resolution to liquidate or dissolve the corporation had been adopted when the distribution was made. An intention to liquidate was fairly implied from the sale of all the assets and the act of distributing the cash to the stockholders. Permitting the forfeiture of its right to do business was an additional circumstance which the Board properly considered with the other facts in evidence. The determining element was the intention to liquidate the business, coupled with the actual distribution of the cash to the stockholders. Hellmich v. Hellman, 276 U.S. 233, 48 S.Ct. 244, 72 L.Ed. 544, 56 A.L.R. 379; Canal-Commercial T. & S. Bank v. Commissioner, 5 Cir., 63 F. 2d 619, certiorari denied 290 U.S. 628, 54 S.Ct. 47, 48, 78 L.Ed. 547; Gossett v. Commissioner, 4 Cir., 59 F.2d 365, rehearing denied, 4 Cir., 60 F.2d 484; Tootle v. Commissioner, 8 Cir., 58 F.2d 576; Holmby Corporation v. Commissioner, 9 Cir., 83 F.2d 548, rehearing denied June 8, 1936; Anketell Lumber & Coal Co. v. United States, Ct.Cl., 1 F.Supp. 724; Wood v. Commissioner, 27 B.T.A. 162.

The subsequent efforts to revive the Angelo Ice Company and to correct the alleged error committed in transferring the assets were ineffective to alter the tax liability of the individual petitioners.

The revival of the Angelo Ice Company with new assets in 1930 did not alter the character of the distribution in 1929. The Board held that there was no plan of reorganization of this company at the time the distribution of $240,000 was made. There being no such plan, the distribution cannot be regarded as a step in reorganization. We must give effect to what was intended and done, and not to what might have been done if something different had been intended. Weiss v. Stearn, 265 U.S. 242, 44 S.Ct. 490, 68 L.Ed. 1001, 33 A.L.R. 520; Clemmons v. Commissioner, 5 Cir., 54 F.2d 209; Bruce v. Helvering, 64 App. D.C. 192, 76 F.2d 442.

We agree with the Board of Tax Appeals that the distributions were liquidating dividends within the meaning of section 115(c) of the Revenue Act of 1928, 26 U.S.C.A. § 115 note, and were not merely technical transfers made pursuant to a plan of reorganization. It logically follows that the profits which arose from the business operations of the service company for the fiscal year which ended February 28, 1930, did not belong to the Angelo Ice Company but belonged to and are taxable to the Service Ice Company.

Affirmed.